**1.** INSURANCE—MUTUAL BENEFIT COMPANY—BENEFICIARIES.

The rules of a mutual benefit association provided that on the death of a member $1,000 would be paid to his beneficiary, and a member designated his wife as beneficiary. The by-laws of the association provided that on no designation by a member of the association, and his decease leaving a widow and child, the money should be payable to the widow, with a provision that the member might designate any person as beneficiary. The by-laws contained a further provision that on the death of a named beneficiary the designation should be void and a new designation should be made, except in the case of a child leaving descendants, in which case the payment should be made to the persons designated, in their order. The member's wife designated as beneficiary died, and he remarried. *Held*, that his widow was entitled to the fund.

In the matter of the judicial settlement of Julia Rock, administratrix of Denis Rock, deceased. Decree settling estate entered.

Charles H. Phillips, for administratrix.
John C. L. Daly, for contestants.

CHURCH, S. The deceased was a member of the police department and a member of the Brooklyn Police Mutual Aid Association. Under the rules of such association, upon the death of a member $1,000 would be paid by the organization to the beneficiary of the deceased. Such $1,000 has been paid, but the question that arises for decision is as to who is entitled thereto. There are several conflicting interests. The deceased, at the time of his joining the association, was married and had several children. His wife died about ten years ago, and about five years later he remarried. He had duly filed with the association a designation requesting that the payment of the money which would become due on his death should be made to his first wife, Mary Rock. By the provisions of section 14 of the by-laws it appears that in the event of no designation being made by a member of the association, upon his death leaving a widow and child, the money is payable to the widow. There is then further provision made for various contingencies which do not affect the case under consideration. Following this is an express provision that a member may designate any person as beneficiary to whom such money shall be paid. Upon this state of affairs, the children of the first wife contend that under the designa-

tion referred to she received a vested interest therein, and therefor her children are entitled to the fund. The administratrix has accounted for the same on the theory, apparently, that by reason of the death of the first wife this fund went into the decedent's estate. But the widow now asserts that the designation was not drafted in conformity with the by-laws of the association, and that therefore she is entitled to the entire fund.

It is unnecessary to consider the correctness of any of these propositions of law, and I cannot conceive how there could have been any misunderstanding or dispute in connection with this matter at all, when we find that the by-laws distinctly provided for exactly such a case as has arisen here, by providing as follows:

"In the event of the death of any designated beneficiary such designation shall be void, and new designation shall be required, except in the case of a child leaving descendants. If no such new designation be made, the payment shall be made to the persons as herein designated in their order."

Therefore the designation of the deceased is void, and the widow becomes entitled to the fund under the provision of the by-laws respecting distribution where there is no sufficient designation. In disposing of this case it seems proper for me to state that this association was formed for the benefit of its members and their families, and that to accomplish this purpose it has a very comprehensive and well-drawn set of by-laws, under which the beneficiaries should be enabled to collect their money with little or no trouble. The officers of the association, however, with a pertinacious disregard of their own by-laws and the laws of this state, refuse to make payments to the beneficiaries provided by their own by-laws, and compel such beneficiaries to take out letters of administration. It is to this illegal and annoying conduct on their part that the present controversy is due, and if the members of the association, for their own protection, were to vote in a set of officials who would attend to the matter more intelligently, much trouble would be spared to everybody who has dealings with the association.

As to the claim that the $200 which was paid to the widow was paid to her as part of the estate of the deceased, there is simply no evidence on the subject other than her admission that she received the money. In the absence of positive proof showing that this fund was a part of the estate of the deceased, I cannot allow the contention that such fund should be included in the account.

Let decree be presented settling the estate accordingly.

Decreed accordingly.